No. 26-30049

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

*v*.

IRVIN J. LEFERE, JR.,
*Defendant-Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:23-CR-208-1

# APPELLANT'S REPLY AND SUPPLEMENTAL BRIEF

Cecelia Trenticosta Kappel
1024 Elysian Fields Ave.
New Orleans, LA 70117
504-529-5955
Email: ctkappel@defendla.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ 3
ARGUMENT ........................................................................................ 4
I. Supplemental Claim on Appeal: 18 U.S.C. § 922(g)(1) is Unconstitutional .. 5
II. The District Court Committed Plain Error in Disregarding Mr. Lefere's Serious Mental Illness and Relying on Improper Aggravating Factors at Sentencing ........................................................................................ 10
CONCLUSION ..................................................................................... 13
CERTIFICATE OF SERVICE ................................................................ 14

## TABLE OF AUTHORITIES

### Cases

*Brecht v. Abrahamson*, 507 U.S. 619 (1993) ........ 7

*Class v. United States*, 583 U.S. 174 (2018) ........ 5

*Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519 (2012) ........ 7, 9

*Scarborough v. United States*, 431 U.S. 563 (1977) ........ 8

*United States v. Enmons*, 410 U.S. 396 (1973) ........ 7

*United States v. Jimenez-Quelix*, 598 F. App'x 270 (5th Cir. 2015) ........ 11

*United States v. Landrum*, 168 F.4th 771 (5th Cir. 2026) ........ 10

*United States v. Lopez*, 514 U.S. 549 (1995) ........ 6, 7, 9

*United States v. Morrison*, 529 U.S. 598 (2000) ........ 6, 9

*United States v. Roush*, 466 F.3d 380 (5th Cir. 2006) ........ 11

*United States v. Squire*, No. 25-30324 (5th Cir.) ........ 5

### Statutes

18 U.S.C. § 3553 ........ 11

18 U.S.C. § 922 ........ 5, 6, 9

### Constitutional Provisions

U.S. CONST. Art. I, § 8 ........ 6

## ARGUMENT

Mr. Lefere raises two issues warranting further review. First, Mr. Lefere preserves a constitutional challenge to 18 U.S.C. § 922(g)(1). After briefing commenced, this Court granted rehearing en banc in *United States v. Squire*, No. 25-30324 (5th Cir. July 20, 2026), to consider whether § 922(g)(1) exceeds Congress's authority under the Commerce Clause. Because *Squire* may directly affect the

validity of Mr. Lefere's conviction, he respectfully requests that this Court preserve and hold this issue pending the en banc Court's decision.

Second, even if § 922(g)(1) were constitutional, Mr. Lefere's sentence cannot withstand meaningful review. The district court placed substantial weight on disputed attempted-robbery allegations while giving inadequate consideration to extensive mitigating evidence, including severe mental illness, childhood trauma, addiction, and repeated treatment efforts. By elevating unadmitted allegations over compelling evidence bearing on culpability, the district court committed clear and obvious error. Accordingly, the sentence was unreasonable and constitutes plain error warranting correction.[1]

## I. Supplemental Claim on Appeal: 18 U.S.C. § 922(g)(1) is Unconstitutional

Irvin Lefere pled guilty as charged to one count of felon in possession of a firearm under 18 U.S.C. § 922(g)(1) on July 31, 2024. ROA.180. He did not challenge the constitutionality of § 922(g)(1) before the district court. A guilty plea, however, does not bar a criminal defendant from later challenging his conviction on the ground that the statute of conviction violates the Constitution. *Class v. United States*, 583 U.S. 174, 178 (2018). After Mr. Lefere filed his original Brief on Appeal

---

[1] Although this Reply focuses on responding to the Government's arguments in Claim II of Mr. Lefere's Original Brief, Mr. Lefere maintains and does not waive his arguments in Claim I.

on June 22, 2026, this Court granted rehearing en banc in *United States v. Squire*, No. 25-30324 (5th Cir. July 20, 2026) to consider the constitutionality of 18 U.S.C. § 922(g)(1) under the Commerce Clause. Although not raised by trial counsel, Mr. Lefere raises herein the unconstitutionality of the statute under which he was prosecuted under this Court's plain error review, and respectfully asks that this Court hold this case pending its decision in *Squire*.

**A. 18 U.S.C. § 922(g)(1) Violates the Commerce Clause**

Among the enumerated powers, Article I, § 8 of the Constitution provides: "Congress shall have power . . . To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes . . . ." U.S. CONST. Art. I, § 8. In *United States v. Lopez*, 514 U.S. 549, 559 (1995), the Supreme Court established the test for the scope of Congress's power to regulate activities that "affect" interstate commerce: "We conclude, consistent with the great weight of our case law, that the proper test requires an analysis of whether the regulated activity 'substantially affects' interstate commerce." *Lopez* concerned a federal law that prohibited possession of a firearm in a school zone, which the Court invalidated as exceeding Congress's commerce power. *Id.* at 551. Relevant here, the Court described the regulated activity—firearm possession in a school zone—as a noncommercial or noneconomic activity. *Id.* at 551, 561. "The possession of a gun in a local school

zone is in no sense an economic activity that might, through repetition elsewhere, substantially affect any sort of interstate commerce." *Id.* at 567.

In *United States v. Morrison*, 529 U.S. 598 (2000), the Court confirmed that the economic or noneconomic nature of the regulated activity was relevant to the analysis, noting that "in those cases where we have sustained federal regulation of intrastate activity based upon the activity's substantial effects on interstate commerce, the activity in question has been some sort of economic endeavor." 529 U.S. at 610–11; *see also id.* at 613 ("[T]hus far in our Nation's history our cases have upheld Commerce Clause regulation of intrastate activity only where that activity is economic in nature."). Accordingly, the Court "reject[ed] the argument that Congress may regulate noneconomic, violent criminal conduct based solely on that conduct's aggregate effect on interstate commerce." *Id.* at 616.

As the Court explained, this limitation on federal power was required to protect federalism and to prevent Congress from exercising a plenary police power, which had always been reserved for the States. *See id.* at 617–19. "The Constitution requires a distinction between what is truly national and what is truly local." *Id.* at 617–18. "Under our federal system, the 'States possess primary authority for defining and enforcing the criminal law.' . . . When Congress criminalizes conduct already denounced as criminal by the States, it effects a 'change in the sensitive relation between federal and state criminal jurisdiction.'" *Lopez*, 514 U.S. at 561 n.3

(quoting *Brecht v. Abrahamson*, 507 U.S. 619 (1993) and *United States v. Enmons*, 410 U.S. 396, 411–12 (1973)).

Most recently, in *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519 (2012) [*NFIB*], Chief Justice Roberts explained that, "[a]s expansive as our cases construing the scope of the commerce power have been, they all have one thing in common: They uniformly describe the power as reaching '*activity*.'" 567 U.S. at 551 (emphasis added). And not just any activity, but "existing commercial activity." *Id.* at 552, 556. As an illustration, the Chief Justice provided the following example: "An individual who bought a car two years ago and may buy another in the future is not 'active in the car market' in any pertinent sense." *Id*. at 556. The same is true for firearms—one who merely possesses a firearm "is not 'active in the [firearm] market' in any pertinent sense." *Id*.

In other words, Congress can regulate individuals' activity when they are "currently engaged in commerce"—not regulate "individuals as such." *Id.* at 557. "Any police power to regulate individuals as such, as opposed to their activities, remains vested in the States." *Id.* "The Commerce Clause is not a general license to regulate an individual from cradle to grave, simply because he will predictably engage in particular transactions." *Id.* Four other Justices echoed Chief Justice Roberts's analysis, emphasizing that Congress could only regulate "*activity* affecting commerce[.]" *Id.* at 658 (Scalia, Kennedy, Thomas, Alito, JJ., dissenting) (emphasis

in original). Mere possession of a firearm, on its own, does not fall within the jurisprudential meaning of "activity."

The permissive test for federal regulation of gun possession articulated in *Scarborough v. United States*, which requires only the "minimal nexus that the firearm have been, at some time, in interstate commerce," 431 U.S. 563, 575 (1977), "with little concern for when the nexus with commerce occurred," *id.* at 577, is inconsistent with the Supreme Court's modern Commerce Clause jurisprudence outlined above.

Under *Lopez* and its progeny, § 922(g)(1) is unconstitutional both on its face and as applied to Mr. Lefere's mere possession of a firearm. Simple firearm possession, including Mr. Lefere's possession, is not an economic activity—it is noneconomic. *See Lopez*, 514 U.S. at 551, 561, 567. Thus, Congress cannot regulate it under an "aggregate effect" theory. *Morrison*, 529 U.S. at 617. In any event, a person who merely possesses a firearm is not active in the firearm market in any meaningful sense. *See NFIB*, 567 U.S. at 551–52, 556–57. Clearly, § 922(g)(1) does not actually seek to regulate activities that affect interstate commerce, but to regulate "individuals as such"—felons who possess firearms. *Id.* at 557. That violates notions of federalism, because the general police power to regulate individuals has always remained vested in the States and is not among the enumerated powers of the federal government. *See id.*; *Morrison*, 529 U.S. at 617-19; *Lopez*, 514 U.S. at 561 n.3. That

is especially true as applied to Mr. Lefere's case, where the indictment makes clear that his alleged conduct is limited to simply possessing a firearm and ammunition and the only alleged commercial nexus is that those items were previously "in and affecting commerce." *See* ROA.9-10.

### B. 18 U.S.C. § 922(g)(1) is Unconstitutionally Vague

Moreover, § 922(g)(1) is unconstitutionally vague because it no longer provides actual notice of the criminal conduct that it does and does not cover. Mr. Lefere acknowledges this challenge is presently foreclosed and wishes to preserve it for further review, because this Court's current precedent has misapplied void-for-vagueness caselaw. *See United States v. Landrum*, 168 F.4th 771 (5th Cir. 2026). Most critically, *Landrum* drew an erroneous distinction between the treatment of the First and Second Amendments under the void-for-vagueness doctrine and unduly limited its analysis to the question of whether the statute's text—considered in a vacuum—was ambiguous, while ignoring the core question of whether the ordinary citizen has actual notice of who can and cannot lawfully possess a firearm. *Landrum* also ignored the chilling effect that the statute currently has on constitutionally protected activity due to its vagueness and overbreadth.

## II. The District Court Committed Plain Error in Disregarding Mr. Lefere's Serious Mental Illness and Relying on Improper Aggravating Factors at Sentencing

Even if § 922(g)(1) were constitutional, Mr. Lefere's sentence was unreasonable. The Government's arguments in its brief miss the mark on several fronts. First, the Government overstates the strength of the presumption of reasonableness. A within-guidelines sentence is presumed reasonable, but that presumption can be rebutted where the district court gives significant weight to an improper factor or fails to adequately consider important mitigation. *See United States v. Jimenez-Quelix*, 598 F. App'x 270, 271 (5th Cir. 2015). Where the district court relied heavily on disputed attempted-robbery allegations while inadequately accounting for severe mental illness and trauma, the presumption of reasonableness should not apply.

Second, the district court expressly relied on the alleged attempted robbery in imposing a 128-month sentence. The Government argues the sentence was based on 18 U.S.C. § 3553(a) generally, but the district court specifically stated that Lefere "held a firearm to the forehead of the victim and struck the victim in the course of an attempted robbery" when explaining the sentence. ROA.187. This was not a passing reference; it was part of the court's principal justification for this sentence. And even assuming the court could consider alleged robbery conduct as relevant conduct, it should not have given that conduct such significant weight relative to Mr. Lefere's extensive mitigating history. *See United States v. Roush*, 466 F.3d 380, 390 (5th Cir. 2006).

Third, even though counsel failed to submit objections to the PSR, the record contains substantial mitigation that was largely undisputed. Mr. Lefere experienced childhood neglect and abandonment, institutionalization, the murder of his mother, chronic addiction, multiple psychiatric diagnoses, repeated treatment efforts, suicide attempts, employment history, family support obligations, and an expressed desire for treatment and rehabilitation. *See* ROA.270-72. These factors supported a lesser sentence than 128 months.

Although the Government claims the district court considered Mr. Lefere's background, the sentencing transcript shows that the court ultimately attributed his conduct largely to an alleged lack of "maturity." *See* ROA.188. The court did not explain why diagnosed schizophrenia, bipolar disorder, repeated psychiatric hospitalizations, suicide attempts, and longstanding substance abuse did not explain his involvement in this offense and warrant a lower sentence. This substantial history reduces Mr. Lefere's culpability and shows that any future criminal conduct could be deterred by real mental health treatment, not lengthy incarceration.

Even under plain error review, the district court's repeated emphasis on the alleged robbery, while dismissing Mr. Lefere's lengthy history of his struggles with childhood trauma resulting in adulthood serious mental illness and substance use disorder, reveals that Mr. Lefere's sentence was unreasonable. The record reflects that the court afforded substantial weight to unadmitted and disputed allegations

contained in a police report while failing to meaningfully account for the powerful mitigating evidence before it. Had the court not placed such significant reliance on those allegations, there is a reasonable probability that it would have imposed a substantially lower sentence. Accordingly, the error affected Mr. Lefere's substantial rights and warrants correction on appeal.

## CONCLUSION

For the foregoing reasons, this Court should hold this case pending its decision in *Squire*. Even if this Court were to ultimately uphold the constitutionality of § 922(g)(1), this Court should allow Mr. Lefere to withdraw his plea or remand for a new sentencing hearing at which the district court gives proper weight to Mr. Lefere's mitigating life history.

Respectfully submitted,

/s Cecelia Trenticosta Kappel__
Cecelia Trenticosta Kappel, La. Bar No. 32736
1024 Elysian Fields Ave.
New Orleans, LA 70117
(504) 529-5955
*ctkappel@defendla.org*

*Counsel for Appellant Irvin Lefere*

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 12, 2026, the foregoing Appellant's Brief was filed with the Clerk of Court via the electronic filing system, which will send an electronic Notice of Docket Activity to the following Filing Users:

> Patrick Stevens Barr, patrick.barr@usdoj.gov,
>
> Kevin G. Boitmann, kevin.boitmann@usdoj.gov,
>
> Chandra Menon, Chandra.Menon@usdoj.gov, and
>
> Megan Roberts, megan.roberts@usdoj.gov, Assistant United States Attorneys.

"The court's electronic Notice of Docket Activity constitutes service of the filed document on all Filing Users." 5TH CIR. R. 25.2.5.

/s Cecelia Trenticosta Kappel__
Cecelia Trenticosta Kappel
CJA Appointment

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that:

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2,032 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and 5th Cir. R. 32.1 and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in Times New Roman, 14-point font for text and 12-point font for footnotes.

3. This brief complies with the privacy redaction requirement of Fed. R. App. P. 25(a)(5), 5th Cir. R. 25.2.13, and Fed. R. Crim. P. 49.1, because it has been redacted of personal data identifiers.

4. This electronic submission is an exact copy of the paper document, in compliance with 5th Cir. R. 25.2.1.

5. This brief is free of viruses because it has been scanned for viruses with Webroot SecureAnywhere version 9.24 in compliance with 5th Cir. ECF Filing Standard A(6).

/s Cecelia Trenticosta Kappel__
Cecelia Trenticosta Kappel
CJA Appointment
Dated: August 12, 2026